SOUTH RIVER SAND COMPANY. PLAINTIFF-APPELLEE, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MIDDLESEX, DEFENDANT-APPELLANT.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE and DONGES.

For the appellant, *Edmund A. Hayes.*

For the appellee, *George L. Burton.*

PER CURIAM.

This is an appeal from a judgment of the Middlesex County Circuit Court in favor of the plaintiff, South River Sand Company, against the defendant, the board of chosen freeholders of the county of Middlesex, growing out of damages to a scow of plaintiff caused by the alleged negligence of the defendant in failing to keep in proper repair a bridge over the South river.

According to the testimony two scows of the plaintiff were being towed under said bridge by a tug owned and operated by the Tice Towing Line. Because of a turn in the channel it was necessary, when two scows were being towed, to permit one of them to strike against the piling and planking erected in front of the stone piers. When one scow was being towed it could be taken under the bridge without touching. The planking and piling was permitted to become in such a state of disrepair that it washed away and when the scow involved was being towed under the bridge it struck against the stone pier and was damaged. The condition had been repeatedly

brought to the attention of the defendant but had not been corrected.

The trial judge denied motions to nonsuit and to direct a verdict for the defendant, and permitted the case to go to the jury, which returned a verdict for the plaintiff.

Two questions are argued on this appeal: First, was the captain of the tug guilty of negligence contributing to the injury? Second, is this contributory negligence attributable to the plaintiff?

1. Defendant argues that the captain of the tug knew of the condition of the wooden fenders and therefore was guilty of negligence in attempting to bring two scows through at one time. The claim is that he should have brought them through one at a time. However, the testimony of the captain on this point was that when he went up the river after the scows at low tide he looked at the fenders and observed that the planking was still in place and that it looked just as it had for sometime. When returning with the scows at high tide he saw, when too close to the bridge to turn back, that the planking had been washed away, leaving the stone pier unprotected. With this and other evidence before the jury, the trial court was correct in holding that the question of contributory negligence was for the jury.

2. The decision of the first point in the above manner makes it unnecessary to consider the other point raised.

The judgment is affirmed, with costs.